IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOYCE ROBINSON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 1:07-cv-1641 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| CONSOLIDATED RAIL CORPORATION, | : | |
| (A Pennsylvania Corporation licensed to do | : | |
| business in New Jersey); NORFOLK | : | |
| SOUTHERN CORP., NORFOLK | : | |
| SOUTHERN RAILROAD CORP., JOHN | : | |
| DOES (1-10), AND ABC CORPORATION | : | |
| (1-10), | : | |
| Defendants | : | |

## MEMORANDUM ORDER

Pending before the Court is the remaining portion of Defendants' motion for summary judgment on the Title VII termination claim raised in Plaintiff's complaint. In this Court's October 22, 2009 Order, the Court ordered further briefing on whether Plaintiff had exhausted her administrative remedies on her Title VII termination claim. Defendants provided the Court with a supplemental brief addressing the issue (see Doc. No. 103); however, no further briefing has been provided by Plaintiff. For the following reasons, the motion for summary judgment will be granted in favor of Defendants as to the Title VII termination claim.

Prior to filing a Title VII suit based on unlawful discrimination, an employee must file a complaint with the applicable state administrative agency. See 42 U.S.C. § 2000e-5(c). In Pennsylvania, this agency is the Pennsylvania Human Rights Commission (PHRC). See Burgh v. Borough Council of Montrose, 251 F.3d 465, 467 (3d Cir. 2001). Sixty days after filing with the state agency, the claimant may file a charge with the EEOC. See 42 U.S.C. § 2000e-5(c). If

1

the EEOC elects not to pursue the claimant's allegations, it will issue the claimant a right-to-sue letter. See id. § 2000e-5(f)(1). A complainant may not bring a Title VII suit without having first received notice from the EEOC, generally in the form of a right-to-sue letter, that agency remedies have been exhausted. Burgh, 251 F.3d at 470; Ebbert v. DaimlerChrysler Corp., 319 F.3d 103, 116 n.14 (3d Cir. 2003). "In Title VII actions, failure to exhaust administrative remedies is an affirmative defense in the nature of statute of limitations. . . . [and] the defendant bears the burden of pleading and proving that the plaintiff has failed to exhaust administrative remedies." Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997) (citations omitted).

Defendants have demonstrated that, although Plaintiff dual-filed her termination claim in November 2005 with the EEOC and the PHRC, she has failed to provide the Court with a right-to-sue letter from the EEOC as to her termination claim. (See Doc. No. 103 at 2-4.) In her opposition brief to Defendants' motion for summary judgment, Plaintiff does not counter this claim. Although Plaintiff avers that she was "still awaiting receipt of her right to sue letter from the PHRC on her termination complaint," she makes no such averment as to a right-to-sue letter or other notice of exhaustion from the EEOC. (See Doc. No. 80 at 18.)

The Court finds that Plaintiff has failed to produce a right-to-sue letter, and therefore she has failed to exhaust her administrative remedies as to the Title VII termination claim. "Exhaustion is a non-jurisdictional requirement subject to equitable exceptions." Story v. Mechling, 214 F. App'x 161, 163 (3d Cir. 2007) (citing Burgh, 251 F.3d at 470). By staying the case for thirty days and ordering further briefing, the Court allowed Plaintiff the opportunity to

2

produce a right-to-sue letter or present arguments in favor of an exception.[1]  However, Plaintiff has not responded to the briefing order nor has she provided the District Court with any basis for excusing her failure to exhaust.  Therefore, the Title VII termination claim will be dismissed and Defendants' motion for summary judgment will be granted as to that claim.  As a result, the Court need not address Defendants' challenge to the merits of Plaintiff's Title VII termination claim.

**AND NOW**, on this 28th day of September 2010, in consideration of the foregoing analysis, the Court's October 22, 2009 Order, and the reconsideration order published contemporaneously with this memorandum order, is **HEREBY ORDERED THAT**:

1. Defendants' motion for summary judgment is **GRANTED** as to Plaintiff's Title VII termination claim, and that claim is **DISMISSED**.

2. Summary judgment has been rendered to Defendants as to all of Plaintiff's claims.  Therefore, the Clerk of Court is directed to close this case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] Additionally, the Court granted Plaintiff's motion for an extension of time to provide such briefing.  (See Doc. Nos. 101, 102.)